## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHER DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 13-47264 |
| Betty Jean Jackson, | ) Chapter 13 |
| Debtor | ) Judge Jack B. Schmetterer |

| | |
|---|---|
| Betty Jean Jackson, | ) |
| Plaintiff | ) Adversary Proceeding |
| v. | ) No. 14 A 00154 |
| Bank of America, N.A., | ) |
| Defendant. | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff, Betty Jean Jackson, having filed this Adversary Proceeding on March 7, 2014, the following Findings of Fact and Conclusions of Law are hereby entered:

## FINDINGS OF FACT

1. The Plaintiff is Betty Jean Jackson ("Plaintiff").

2. The Defendant is Bank of America ("Defendant").

3. The Plaintiff is the owner of the property commonly known as 442 Oglesby Ave, Calumet City, Illinois 60409 ("the Home"). The Home consists of a "3 flat" apartment building.

1

4. On November 26, 2007, the Plaintiff entered into a loan agreement with Countrywide Home Loans for $299,039 to be paid over 360 months at 5.5% interest.

5. The loan was assigned to BOA on October 3, 2011.

6. The Defendant holds the first mortgage lien on the home.

7. The Defendant took a security interest in the Home which includes two apartments that are not Ms. Jackson's principal residence.

8. Plaintiff obtained an appraisal of the home by a certified appraiser on September 13, 2013. The home appraised for $50,000.00. A copy was attached to the adversary complaint as Exhibit "D" and is incorporated here by reference as Exhibit "A."

9. On December 10, 2013, Ms. Jackson filed this Chapter 13 Bankruptcy and on December 23, 2013 filed a Chapter 13 Plan that proposes to modify the rights of Defendant.

10. Under the Plan, the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $1,100.00 for 44 months.

11. On March 7, 2014, Plaintiff issued a complaint pursuant to 11 U.S.C. § 1322(b)(2) seeking to modify the Defendant's lien.

12. On March 7, 2014, Plaintiff issued a summons which was served in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure by certified mail, postage prepaid to an officer of the Defendant at 100 N. Tryon St., Charlotte, NC 28253-0000.

13. On February 24, 2014, Defendant filed an objection to the plan claiming that according to a BPO appraisal the value of the property is $85,000.

14. On March 11, 2014, an employee of the Defendant signed for the Summons and Complaint.

15. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

16. On April 28, 2014, Defendant filed a proof of claim for the amount of $404,290.54.

17. On May 16, 2014, Counsel for Plaintiff emailed Counsel for Defendant to make him aware that there was an adversary complaint filed against Defendant.

## CONCLUSIONS OF LAW

**A.    Jurisdiction**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case.

2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (K).

3. Venue is proper in this district under 28 U.S.C. § 1409(a).

**B.    Argument**

4. This action was initiated pursuant to 11 U.S.C. § 1322(b)(2).

5. The Debtor scheduled the secured claim of Bank of America for $395,157.16 including its interest in her home and the two apartments that are not her principal residence.

6. Defendant obtained a security interest in property of the Plaintiff other than her principal residence, namely the two apartments that are occupied by her tenants.

7. The value of the Plaintiff's residence is $50,000.00.

8. Section 1322(b)(2) allows the court to modify the rights of holders of secured claims when the debt is secured by property other than solely the principal residence. 11 U.S.C. § 1322(b)(2). Although the Seventh Circuit has not yet considered the issue, other courts have held that 1322(b)(2) debtors may modify the rights of secured claim holders in their plan when the creditor has taken a security interest in a multi-unit property in which one unit is debtor's principal residence and security interest extends to other income-producing units. See *In re Scarborough*, 461 F.3d 406, 414 (3d Cir. 2006) ("A claim that is secured by any interest in personal property or real property that is not the debtor's principal residence may be modified in a Chapter 13 bankruptcy.") and *Lomas Mortgage, Inc. v. Louis*, 82 F.3d 1, 7 (1st Cir. 1996). See also: *In re Abrego*, 506 B.R. 509, 515 (Bankr. N.D. Ill. 2014) ("The antimodification provision does not apply to principal residences that are not single family dwellings.")

DATED: 6/3/14

Jack B. Schmetterer
United States Bankruptcy Judge
JUN 3 2014

**Prepared by:**
Ainat Margalit
Attorney for Debtor
ARDC ID# 6281966
LAF
120 S. LaSalle, #900
Chicago, IL 60603
Phone: 312-229-6382

# EXHIBIT A